This is an appeal by the state from a judgment of the Wood County Court of Common Pleas which granted a motion to suppress evidence filed by appellee, David Spitler. Appellant sets forth the following assignment of error:
 "THE TRIAL COURT ERRED IN SUPPRESSING EVIDENCE SEIZED BY POLICE FOLLOWING A WARRANTLESS SEIZURE, BECAUSE SAID SEIZURE WAS PROPERLY MADE PURSUANT TO THE 'PLAIN VIEW' EXCEPTION TO THE WARRANT REQUIREMENT."
Pursuant to 6th Dist.Loc.App.R. 12(B), this case is hereby assigned to the court's accelerated calendar.
In its assignment of error, the state argues that the trial court erred in granting appellee's motion to suppress, arguing that the gun was in plain view.
The standard which this court must apply in considering appellant's assignment of error is whether the trial court's ruling on a motion to suppress is supported by competent, credible evidence. State v. Guysinger (1993), 86 Ohio App.3d 592,594. An appellate court must independently determine as a matter of law, without deferring to the trial court's conclusions, whether the facts meet the applicable legal standard. State v. Klein (1991), 73 Ohio App.3d 486, 488.
In considering appellant's assignment of error and the arguments in support thereof, this court has reviewed the record, the relevant case law and applied the standard of review. Upon doing so, this court concludes that the judgment entry of the trial court properly determined and correctly ruled upon the motion to suppress. Therefore, this court adopts the judgment of the trial court as our own. See Appendix A. Accordingly, appellant's assignment of error is found not well-taken.
The judgment of the Wood County Court of Common Pleas is affirmed. It is ordered that appellant pay court costs for this appeal.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Peter M. Handwork, P.J. ----------------------------- JUDGE
George M. Glasser, J. ----------------------------- JUDGE
James R. Sherck, J. CONCUR. ----------------------------- JUDGE
 APPENDIX A
This matter comes before the Court on Defendant's Motion to Suppress filed December 24, 1997, the hearing on January 28, 1998, and the Supplemental Memoranda filed herein.
On October 2, 1997, officers from the Perrysburg Township Police Department were dispatched to the scene of a possible burglary at 12865 Five Point Road in Perrysburg, Wood County, Ohio, the Defendant's residence. While investigating the burglary complaint, the officers determined a possible point of entry at a back window of the Defendant's residence, wherein they observed a small plant in the window which they suspected to be marijuana.
Upon walking around to the front of the residence, the officers were met by the Defendant, who had just returned home. The officers informed the Defendant of their reason for being there and further informed the Defendant that they would need to enter the home to seize the marijuana plant. The officers then allowed the Defendant the opportunity to enter his home by himself to secure his dog. Upon doing so, an officer who had remained in the rear of Defendant's home observed Defendant move the suspected marijuana plant from the windowsill. The Defendant then opened the door for the officers.
The officer who had remained at the back of the Defendant's residence informed the officers in the front that the Defendant had moved the suspected marijuana plant. The Defendant then proceeded to the back room and the officers followed him. Once in the bedroom, the officers asked for the marijuana plant. During this time, no lights were on and the officers were shining their respective flashlights in order to survey the room. Upon the officers' inquiry, Defendant retrieved marijuana plants from the floor next to the bed and turned them over to the officers.
While shining a flashlight around the room, one of the officers saw an instruction manual on how to transform a semiautomatic weapon into an automatic weapon and a metal firearm magazine. The officer asked Defendant "Do you have anything else that goes with these materials." Defendant replied "It is right there in front of you." The officer then found a Thompson .45 caliber sitting underneath a thin cloth on the Defendant's headboard and seized the weapon. As a result, the Defendant was indicted for Unlawful Possession of a Dangerous Ordnance.
The Defendant now seeks to suppress evidence seized claiming that the seizure of such was obtained during a warrantless search of his residence and that no exception to the search warrant requirement can be established.
Both parties concede that this is a warrantless search of the Defendant's residence focusing the Court's attention on the exceptions to the search warrant requirement. The State argues that the warrantless search and seizure of the gun can be justified under either the plain view doctrine or the doctrine of consent.
Under the plain view doctrine, police officers may seize evidence in plain view without a search warrant if (1) the initial intrusion which afforded the authorities the plain view was lawful; (2) the discovery of the evidence was inadvertent; and (3) the incriminating nature of the evidence was immediately apparent to the seizing authorities. State v.Williams (1978), 55 Ohio St.2d 82.
In order for the above test to be applied, the evidence must be in plain view. The testimony established that the officers saw the marijuana plant in Defendant's window and that Sgt. Gates saw the metal magazine and instruction manual on Defendant's headboard. However, the testimony in this case does not establish that the Thompson .45 was in plain view. Here, the testimony established that the bedroom was dark and that the officers were required to use their flashlights to observe the room. Sgt. Gates testified that he saw the instruction manual and the magazine clip on the headboard. However, he did not see the weapon which was also on the headboard and covered. This is supported by the fact that Sgt. Gates had to ask if there was a the weapon. Further, the weapon was ultimately found underneath a cloth. Thus, the weapon was not in plain view, and the Court does not need to address the standards of the plain view doctrine in regard to the Thompson .45.[1]
With regard to the marijuana plants, the magazine and the instruction manual, the officers' initial intrusion into Defendant's residence was lawful. While investigating the possible break-in, the officers saw a suspected marijuana plant in the window. One of the officers then observed Defendant move the suspected marijuana plant out of window. This gave the officers a reason to believe that there was a risk that Defendant might destroy evidence, and thus they were entitled to enter Defendant's home to seize such plant. While the officers were lawfully securing the marijuana plants, Sgt. Gates saw the magazine and instruction manual. Therefore, the first requirement of the plain view document is satisfied.
The facts further establish that the discovery of the marijuana plants, magazine and instruction manual was inadvertent. The officers' intent upon arriving at the scene was to investigate a possible burglary. Then when entering the home and Defendant's bedroom, the officers' intent was to seize the marijuana plant. This element is not contested by the parties.
The third requirement of the plain view exception is that the incriminating nature of the evidence in plain view was immediately apparent to the seizing authorities. Both the State and Defendant direct the Court's attention to State v.Williams, supra. However, the Court finds that the Williams
decision was modified later by the Ohio State Supreme Court inState v. Halczyszak (1986), 25 Ohio St. 3301 wherein the Court held:
 "[t]he 'immediately apparent' requirement of the 'plain view' doctrine is satisfied when police have probable cause to associate an object with criminal activity.
 In ascertaining the required probable cause to satisfy the 'immediately apparent' requirement, police officers may rely on their specialized knowledge, training and experience." Id. at para. 3 and 4 of syllabus.
In determining whether the incriminating nature of the evidence was immediately apparent to the officers,Halczyszak held that such a requirement is satisfied when the police have probable cause to associate an object with criminal activity.
Sgt. Gates testified that from his experience and training, he suspected that the plant in Defendant's window was a marijuana plant. Also in his testimony Sgt. Gates stated that he did not know at the time he viewed the magazine whether it was legal or illegal. However, the possible illegal nature of the magazine together with the instruction manual on how to transform a semiautomatic weapon to an automatic weapon could provide probable cause to associate possession of the magazine and instruction manual with criminal activity. Thus, the incriminating nature of the evidence was apparent to the officer, and the third prong of the plain view exception has been satisfied as to the marijuana plants, magazine and instruction manual.
Therefore, the Court finds that the plain view exception to the warrant requirement does not apply to the Thompson .45 but that it does apply to the marijuana plants, the magazine and the instruction manual.
The State also argues that the Defendant consented to the search of his residence. In order to rely on the consent exception, the State must show by clear and positive evidence that the consent was freely and voluntarily given. State v.Posey, 40 Ohio St.3d 420, 427 (1988); State v. Danby, 11 Ohio App.3d 38,41 (1983). The voluntariness of the consent is determined from the totality of the circumstances. Id.
At the hearing, Sgt. Gates testified,
 Q: You were determined that you were going to get in (the trailer) at least to get that plant; is that correct?
A: That was my intent, yes.
 Q: Did you make that intent clear to the Defendant?
A: I think I did, yes.
Officer Harger then testified that the officers were on the phone with their detective about securing a search warrant when the Defendant arrived. Both officers testified that the Defendant was informed by them that they had to enter his residence to secure the marijuana plant and that he was committing a felony by cultivating marijuana.
At that point, the officers had the right, even without the consent of Defendant, to enter his home and recover the marijuana plants. The officers did not testify that they requested Defendant to consent to a search, nor did the Defendant so consent. If consent were to be implied by Defendant's actions, such consent would have clearly been for the limited purpose of obtaining the marijuana plants. The Defendant did not consent to a general search of his residence. Thus the Court is not persuaded that the Defendant freely and voluntarily consented to a search of his residence.
The State also argues that the Defendant consented to the search for the weapon by pointing out its location. However, the State has not established by clear and convincing evidence that under the totality of the circumstances the Defendant's actions comprised of free and voluntary consent to search. The Defendant's statement "It is right there in front of you" does not equate to consent to search under the facts of this case.
Therefore, Defendant's Motion to Suppress evidence of the Thompson .45 is hereby granted. Defendant's Motion to Suppress evidence of the marijuana plants, magazine and instruction manual in hereby denied.
 ------------------------------ JUDGE CHARLES F. KURFESS
 CERTIFICATE
The undersigned hereby certifies that a copy of the foregoing order was mailed or delivered to Gary Bishop, Assistant Prosecuting Attorney, J. Scott Hicks, Public Defender's Office and to David Spitler, 12865 Five Point Road, Lot 66, Perrysburg, Ohio 43551.
------------ ------------------------------ Date
[1] When the officers discovered evidence which appeared to be incriminating, that is reasonably leading the officers to associate the evidence with criminal activity, they could have obtained a search warrant for any potential evidence that was not in plain view.